**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA TOSTE, an individual; MEA COLE, a minor, through her Guardian Ad Litem, Jennifer TOSTE; and JENNIFER TOSTE, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> BLAZE MICHAEL GOTTFRIED, an individual; GELCO CORPORATION, a Delaware corporation; APRIA HEALTHCARE GROUP, INC., a Delaware corporation dba APRIA HEALTHCARE, LLC, a limited liability corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 1:15-CV-00775-SMS <br><br> ORDER GRANTING PLAINTIFFS' MOTION TO REMAND TO STATE COURT <br><br><br> (Doc. 9) |

This matter is before the Court on Plaintiffs' "Motion to Remand to State Court." Doc. 9. No hearing was held as the Court found the matter suitable for submission on the papers. Local Rule 230(g); Doc. 21. For the following reasons, the motion is granted.

I. BACKGROUND

On April 17, 2015, Plaintiffs filed suit against Defendants in the Fresno County Superior Court, alleging four state causes of action: (1) motor vehicle negligence against Defendants Blaze Michael Gottfried, Gelco Corporation ("Gelco"), Apria Healthcare Group, Inc. ("Apria") and Does

26-50; (2) negligence per se against Gottfried, Gelco, Apria and Does 26-50; (3) negligence against Gottfried, Gelco, Apria and Does 26-50; and (4) negligent hiring, retention, supervision and/or training against Apria and Does 26-50.  Doc. 1, Ex. A.

In their complaint, Plaintiffs alleged that on August 28, 2014, Gottfried, then an employee of Apria, drove a freightliner owned by Gelco, in the city of Caruthers, California.  4-5.  Around the same time and area, Jennifer Toste drove a minivan carrying Cynthia Toste and Mea Cole.  Compl. 6.  A multi-vehicle collision occurred when Gottfried allegedly failed to stop and crashed into a vehicle.  Compl. 5.   The vehicle, in turn, collided with another vehicle which struck Plaintiffs' minivan.  Consequently, Plaintiffs sustained injuries, physical and mental, which require continued treatment.  Compl. 6-7.

On May 21, 2015, Gottfried, Gelco and Apria filed a timely notice of removal with this Court, alleging "[t]his is a civil action . . . which may be removed to this Court by Gelco [because] it arises under 49 U.S.C. § 30106."[1]  Doc. 1.  Thereafter, Gelco filed a Rule 12(b)(6) motion to dismiss.  Doc. 3.  In response, Plaintiffs voluntarily dismissed Gelco without prejudice, Doc. 10, and on the same day moved to remand the case back to state court.

II.  DISCUSSION

District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "The removal statute authorizes a defendant to remove to federal court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'  *Id.* § 1441(a).  Consequently, only [those]

---

[1] Section 30106 provides, in relevant part:

> (a) In general. An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if--
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a).

state court actions that originally could have been filed in federal court may be removed to federal court by the defendant.  Absent diversity of citizenship,[2] only cases within the district court's original federal question jurisdiction may be removed from state to federal court."  *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988) (quotations and citations omitted).  "The burden of establishing jurisdiction falls on the party invoking the removal statute, which is strictly construed against removal."  *Redwood Theatres, Inc. v. Festival Enterprises, Inc.*, 908 F.2d 477, 479 (9th Cir. 1990) (quotations and citations omitted).

The dispositive issue here is whether Plaintiffs' voluntary dismissal of Gelco without prejudice warrants remanding the case back to state court.  Recognizing that Gelco is no longer a party in this case, Defendants nonetheless contend that the dismissal without prejudice reflects a reservation to re-file claims against Gelco which would again require removal.  To avoid wasting "time, judicial economy, and court resources," Defendants therefore oppose remand.  Defs.' Opp'n 3-4.  Stated differently, Defendants aver that federal question jurisdiction exists because the need to interpret and apply a federal law, namely section 30106, *may* later arise again.  But federal jurisdiction cannot be premised on speculation about what claims may be brought.

Even if Gelco was still a party in this case, the Court would be hard pressed to find federal jurisdiction under the circumstances.  "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Id.* at 1394.  But "under the artful pleading rule a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.  A state-created cause of action can be deemed to arise under federal law (1) where federal law completely preempts state law; (2) where the claim is necessarily federal in character; or (3) where the right to relief depends on the resolution of a substantial, disputed federal question[.]"  *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000) (quotations and internal

---

[2] Diversity jurisdiction is not present because Plaintiffs are California residents and Defendants are either California residents or authorized to conduct business and have had headquarters located in California.  Compl. 2-3.

3

citations omitted).  Defendants contend federal question jurisdiction is supported by complete preemption and that Plaintiffs' right to relief depends on the resolution of section 30106.  Defs.' Opp'n 2-3.

As to complete preemption, Defendants provide no legal authority for the position that section 30106 completely supplants any state law claim.  The two cases on which Defendants rely, *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1 (1983) and *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189 (9th Cir. 1983),[3] concern the Employee Retirement Income Security Act of 1974 (ERISA)[4] and  the Railway Labor Act, respectively.  Neither case addressed the preemptive effect of section 30106.  Defendants provide no support for the self-serving statement that section 30106 "completely preempts the subject matter[.]"  Defs.' Opp'n 2.

As to whether Plaintiffs' right to relief depends on a resolution of section 30106, the inquiry is whether that section "is a necessary element of one of the well-pleaded state claims."  *ARCO Envtl. Remediation, L.L.C.*, 213 F.3d at 1116 (quotations and citations omitted).  The answer: it is not.  The three causes of action against Gelco—motor vehicle negligence, negligence per se and negligence—are grounded in state law and not predicated on section 30106.  Plainly read, that section limits Gelco's liability as owner of the freightliner if certain conditions are met.  It may be a defense to Plaintiffs' claims and "a case may *not* be removed to federal court on the basis of a federal defense[.]"  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987).

Thus, even if Gelco had not been dismissed, Defendants fail to meet their burden of establishing federal jurisdiction.  The Court would have been unconvinced that federal question

---

[3] *Schroeder* was overruled by *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009). "We also hold that to the extent *Schroeder* ruled that federal question jurisdiction always or automatically exists whenever a removal petition contains additional facts evidencing [t]he application of [the RLA] and the necessity of its interpretation, that holding is also effectively overruled[.]" *Id.* at 1246.
[4] "Examples [of complete preemption] include Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), Section 301 of the Labor Management Relations Act (LMRA) and the usury provisions of the National Bank Act." *Dennis v. Hart*, 724 F.3d 1249, 1254 (9th Cir. 2013).

4

1   jurisdiction exists.

2   III.  CONCLUSION

3           For the foregoing reasons, Plaintiffs' "Motion to Remand to State Court" is hereby

4   GRANTED.

5

6

7   IT IS SO ORDERED.

8       Dated:   **August 7, 2015**                     **/s/ Sandra M. Snyder**

        UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28